IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

GUY W. NELSON,

                                                      OPINION and ORDER

                Plaintiff,

                                                  14-cv-862-bbc

       v.

TRANSGUARD INSURANCE COMPANY
OF AMERICA, INC.,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

This is the second case plaintiff Guy Nelson has filed in this court, contending that defendant Transguard Insurance Company of America, Inc. owes him disability insurance benefits for injuries and medical expenses caused by an accident that occurred in 2010. I dismissed the first case without prejudice because plaintiff failed to wait to file the lawsuit until 60 days had elapsed after filing his proof of loss with defendant or until he received a response from defendant, as required by Wis. Stat. § 631.83(4). Nelson v. Transguard Insurance Company of America, Inc., No. 13-cv-854-bbc (W.D. Wis. Dec. 4, 2014).

A few days after the dismissal of the first case, plaintiff filed this lawsuit. Now defendant has filed a motion for judgment on the pleadings on the ground that the three-year statute of limitations for plaintiff's claim expired before he filed his second suit. Dkt. #13. (More than a week after the parties completed briefing on defendant's motion, defendant filed a "corrected" version of its reply brief. Dkt. #19. Because defendant neither

1

sought leave to file the brief nor identified the "corrections" it made, I have disregarded that brief.)

In response to defendant's motion for judgment on the pleadings, plaintiff does not refute defendant's contention that his statute of limitations expired in May 2013.  Instead, he says that defendant's motion should be denied on various equitable grounds such as estoppel, laches and tolling.  For the reasons explained below, I do not find any of plaintiff's arguments persuasive, so I am granting defendant's motion.

OPINION

A.  Subject Matter Jurisdiction

The first question in every case filed in federal court is whether subject matter jurisdiction is present, even if the parties do not contest jurisdiction.  Booker-El v. Superintendent, Indiana State Prison, 668 F.3d 896, 899 (7th Cir. 2012); Avila v. Pappas, 591 F.3d 552, 553 (7th Cir. 2010).  In this case, plaintiff relies on 28 U.S.C. § 1332 as a basis for jurisdiction.  Section 1332 requires diversity of citizenship and an amount in controversy over $75,000.

With respect to the amount in controversy, plaintiff does not request a specific amount in his complaint.  However, he alleges that he is entitled to benefits for a number of serious injuries, such as "trauma induced stroke . . .  and subsequent seizures, and cognitive and neurologic disabilities, including, but not limited to, expressive aphasia and physical impairment," Cpt. ¶ 12, dkt. #1, so it is reasonable to infer that plaintiff's claim is

worth more than $75,000.  Miller v. Herman,  600 F.3d 726, 730 (7th Cir. 2010) (when plaintiff does not identify specific amount in controversy, court may infer from plaintiff's alleged injuries whether jurisdictional minimum is met).

With respect to diversity of citizenship, plaintiff alleges that he is a "resident" of Wisconsin and that defendant's principal place of business and state of incorporation is Illinois.  Id. at ¶¶ 2, 4.  Plaintiff's allegation is sufficient at this stage to show that defendant is a citizen of Illinois, Hoagland ex rel. Midwest Transit, Inc. v. Sandberg, Phoenix & von Gontard, P.C., 385 F.3d 737, 740-43 (7th Cir.2004), but plaintiff's allegation regarding his "residence" raises a potential problem because the Court of Appeals for the Seventh Circuit has stated in numerous cases that "residence" and "citizenship" are not the same under § 1332 and that an allegation of residence is not sufficient to show citizenship.  E.g., Heinen v. Northrop Grumman Corp., 671 F.3d 669, 670 (7th Cir. 2012); Hukic v. Aurora Loan Services, 588 F.3d 420 (7th Cir. 2009); Craig v. Ontario Corp., 543 F.3d 872, 876 (7th Cir. 2008); McMahon v. Bunn-O-Matic Corp., 150 F.3d 651, 653 (7th Cir.1998); Meyerson v. Harrah's East Chicago Casino, 299 F.3d 616, 617 (7th Cir. 2002).   This is because citizenship encompasses not just where the party lives currently, but where he intends to live in the foreseeable future.  Myrick v. WellPoint, Inc., 764 F.3d 662, 664 (7th Cir. 2014).  However, in the previous case plaintiff filed, the parties stipulated in their summary judgment materials that plaintiff was a citizen of Wisconsin.   Nelson v. Transguard Insurance Company, Inc., No. 13-cv-854-bbc, dkt. #26, ¶ 1.  Because plaintiff alleges he has the same residence now that he had in the previous case, it is reasonable to infer at the

pleading stage that he intends to remain in Wisconsin.

The only other potential jurisdictional issue is that plaintiff has named Cooperative Benefit Administrators, Inc. as an "involuntary plaintiff" because that company has paid some of plaintiff's medical expenses.  Cpt. ¶ 3, dkt. #1.  Plaintiff alleges that the company "is a Nebraska corporation licensed to engage in business in the State of Wisconsin," Cpt. ¶ 3, dkt. #1, but he does not identify the company's principal place of business, as he is required to do.  Hoagland, 385 F.3d at 741.

As an initial matter, plaintiff should not have named Cooperative Benefit Administrators as an "involuntary plaintiff."  That is a proper designation for subrogees in states court, but, as I have explained in many other cases, in federal court, a party who wishes to name an involuntary plaintiff must show that the absent party has refused to be joined as a plaintiff and is outside the court's jurisdiction.  E.g., Pullen v. House, 88 F. Supp. 3d 927, 948 (W.D. Wis. 2015); Elborough v. Evansville Community School District, 636 F. Supp. 2d 812, 826 (W.D. Wis. 2009); Murray v. Mississippi Farm Bureau Casualty Insurance Co., 251 F.R.D. 361, 364 (W.D. Wis. 2008).  See also 7 Charles Alan Wright, Arthur R. Miller and Mary Kay Kane, Federal Practice and Procedure § 1606, at 73 (3d ed. 2001). Because plaintiff has not made either of these showings, he should not have named Cooperative Benefit Administrators as an involuntary plaintiff.

Regardless whether plaintiff should have included Cooperative Benefit Administrators in his caption, I need not consider the citizenship of Cooperative Benefit Administrators because that company did not join plaintiff's complaint and plaintiff has not served it with

the complaint.  This means that the company is not a proper party to the case and its citizenship is not relevant to the question of jurisdiction.  <u>Cripps v. Life Insurance Co. of North American</u>, 980 F.2d 1261, 1266 (9th Cir. 1992) ("Most . . . courts . . . have concluded . . . that the citizenship of defendants who are not served cannot be considered [for the purpose of determining diversity jurisdiction.]").  Even if the company had been served and I assumed that its citizenship created a diversity problem, I would dismiss the company to preserve jurisdiction.  <u>Dexia Credit Local v. Rogan</u>, 602 F.3d 879, 883 (7th Cir. 2010) ("Under Rule 21, a district court can dismiss dispensable, nondiverse parties either before or after a final judgment.").  Accordingly, I conclude that jurisdiction is present under § 1332.

## B. <u>Merits</u>

Defendant identifies May 23, 2013 as plaintiff's statute of limitations deadline.  In support of that date, defendant cites Wis. Stats. § 631.83(1)(b), which states that an "[a]n action on disability insurance coverage must be commenced within 3 years from the time written proof of loss is required to be furnished."  In addition, defendant says that, under plaintiff's policy, he was required to submit his proof of loss within 120 days of his alleged injury.  According to defendant, because plaintiff alleges that his injury occurred on January 5, 2010, his proof of loss was due on May 23, 2010 and his limitations period expired on May 23, 2013.  Because plaintiff does not argue for a later deadline, I will accept defendant's calculation as correct.

5

Plaintiff did not file this lawsuit until December 2014, well after the expiration of his statute of limitations.  However, plaintiff relies on three theories to support his argument that the court should not enforce the May 2013 statute of limitations:  equitable estoppel, laches and tolling.  I will consider each theory in turn.  Both parties argue that Wisconsin law applies, Plt.'s Br., dkt. #16, at 7 n.2; Dft.'s Br., dkt. #14, at 5, so I need not conduct a choice of law analysis.  Indiana Insurance Co. v. Pana Community Unit School District No. 8, 314 F.3d 895, 900 (7th Cir. 2002).  See also Hollander v. Brown, 457 F.3d 688, 694 (7th Cir. 2006) (in diversity case, statute of limitations and "rules that are an integral part of the statute of limitations," such as tolling and equitable estoppel, are governed by state law).

## 1.  Equitable estoppel

Equitable estoppel may defeat a statute of limitations defense when the plaintiff failed to meet the limitations deadline because of his reasonable reliance on fraudulent or otherwise inequitable conduct by the defendant.  Hester v. Williams, 117 Wis. 2d 634, 644-45, 345 N.W.2d 426, 431 (1984);  Hocking v. City of Dodgeville, 2009 WI App 108, ¶ 17, 320 Wis. 2d 519, 531, 770 N.W.2d 761, 767; Wieting Funeral Home of Chilton, Inc. v. Meridian Mutual Insurance Co., 2004 WI App 218, ¶ 23, 277 Wis. 2d 274, 288, 690 N.W.2d 442, 449; Bell v. Employers Mutual Casualty Co. of Des Moines, Iowa, 198 Wis. 2d 347, 373-74, 541 N.W.2d 824, 834 (Ct. App. 1995); Johnson v. Johnson, 179 Wis. 2d 574, 582, 508 N.W.2d 19, 21-22 (Ct. App. 1993).  Plaintiff cites a somewhat different

6

standard in a "law note" in the Wisconsin Jury Instructions.  WIS JI-CIVIL 3074 ("An estoppel arises where a party is prevented from asserting a position because of prior conduct by which a contrary position has been implied. . . .  To apply, it is necessary that the action or nonaction of one induce another to rely thereon, to his or her detriment.").  Plaintiff does not cite any cases in which Wisconsin courts have applied that standard in the statute of limitations context.  In any event, both standards require reasonable reliance, which is dispositive in this case.

Plaintiff's only suggestion of reliance is a statement in his brief  that "he rel[ied] on the fact [defendant] was not asserting this defense and defending the case on the merits."  Plt.'s Br., dkt. #16, at 9.  Plaintiff does not explain further, but I assume he means to argue that he relied on defendant's decision not to assert a limitations defense in the first lawsuit when it filed its answer in January 2013 or filed its amended answer in March 2013 or when it removed the case from state court to this court in December 2013.  (Plaintiff filed his first lawsuit in state court in December 2012, case no. 13-cv-854-bbc, dkt. #1-2, but plaintiff removed the case to this court in December 2013 after several other defendants were dismissed from the case.)  Plaintiff does *not* argue that defendant engaged in inequitable conduct in the first case by waiting almost two years to file a motion to dismiss for plaintiff's failure to comply with Wis. Stat. § 631.83(4), so I do not consider that issue.

Plaintiff's reliance argument has two problems.  First, defendant could not have raised a statute of limitations defense in January 2013 or March 2013 because, as noted above, plaintiff's limitations period did not expire until May 2013.  It is not clear how plaintiff

7

could have relied on defendant's failure to assert a defense that it was not entitled to make at the time. (The December 2014 opinion includes a line that a statute of limitations defense was "available to defendant since the date of filing in December 2012," case no. 13-cv-854-bbc, dkt. #30, at 13, but that was a misstatement in light of the undisputed fact the limitations period did not run until May 2013.)

Although the limitations period had expired by the time of removal in December 2013, defendant would not have been permitted to assert the defense then because plaintiff had filed the lawsuit before May 2013.  The time of removal has no bearing on the statute of limitations.  McGowan v. Williams, 623 F.2d 1239, 1240 (7th Cir. 1980) ("The issue here is whether the suit is time-barred because removal occurred after the applicable statute of limitations had run.  We hold that the suit was timely because it was initially filed within the limitations period even though that filing occurred in state court.").

Second, even if defendant could have asserted a limitations defense earlier and chose to assert the defense then, that would mean only that plaintiff would have been prevented from filing a second lawsuit. It would not have allowed plaintiff to satisfy the statute of limitations.  Plaintiff's argument seems to be that he "relied" on defendant's failure to assert a limitations defense earlier by continuing to litigate the first lawsuit and then filing a second lawsuit.  In order words, plaintiff's alleged prejudice is the resources that he believes he expended unnecessarily on litigation. However, that type of "reliance" is not relevant to an estoppel argument in this context.  Rather, plaintiff must show that he *missed the limitations deadline* by relying on defendant's inequitable conduct.  Wieting Funeral Home, 2004 WI

8

App 218 at ¶ 23 ("[E]quitable estoppel requires that the . . . aggrieved party failed to commence an action within the statutory period because of reliance on the wrongful conduct.").  Because plaintiff does not point to any inequitable conduct by defendant that prevented him from a filing a timely lawsuit, this argument fails.

2.  Laches

The doctrine of laches represents "a recognition that a party ought not to be heard when he has not asserted his right for an unreasonable length of time or that he was lacking in diligence in discovering and asserting his right in such a manner so as to place the other party at a disadvantage."  Bade v. Badger Mutual Ins. Co., 31 Wis.2d 38, 47, 142 N.W.2d 218 (1966).  The elements of the equitable doctrine of laches are: (1) unreasonable delay; (2) knowledge of and acquiescence in the course of events; and (3) prejudice to the party asserting laches.  In re Estate of Flejter, 2001 WI App 26, ¶¶ 40-41, 240 Wis. 2d 401, 421-22, 623 N.W.2d 552, 562.  Although defendant did not anticipate in its opening brief that plaintiff would raise a laches argument, plaintiff does not argue that defendant's motion must be denied on that ground.  In any event, even if I do not consider any arguments defendant makes on this issue in its reply brief, it is clear that plaintiff cannot prevail on this issue.

Plaintiff does not cite any cases in which a Wisconsin court applied the doctrine of laches to a statute of limitations defense, but even if I assume that the doctrine could apply in some cases, this is not one of them.  Plaintiff's argument again rests on the assumption

that defendant should have raised a statute of limitations defense in January 2013. Because defendant could not have raised the defense then or at anytime while the first case was pending, there is no plausible argument that it was unreasonable for defendant to raise the defense in the second lawsuit. (In a sense, defendant did try to raise a limitations defense in the first case because it asked the court in its summary judgment motion to dismiss the case with prejudice on the ground that a second lawsuit would be barred as untimely. Case no. 13-cv-854-bbc, dkt. #22, at 15. I denied the request because defendant did not address the question whether plaintiff might be entitled to tolling. Case no. 13-cv-854-bbc, dkt. #30, at 12-13.)

Plaintiff also seems to suggest that defendant should have filed a motion for judgment on the pleadings sooner in the context of this case. Plt.'s Br., dkt. #16, at 10 ("Transguard's unreasonable delay in filing its motion based on the statute of limitations defense in the 2013 case, *and even the unreasonable delay in filing a motion in this case*, despite having knowledge of the statute of limitations defense, defines laches.) (emphasis added). However, the deadline for filing dispositive motions in this case is November 2, 2015, dkt. #12, so defendant's motion was not untimely. It is true that defendant waited four months after filing its answer to file its motion for judgment on the pleadings, but plaintiff cites no authority for the view that a defense may be barred under the doctrine of laches if the defendant does not seek dismissal immediately after raising the defense in its answer.

Plaintiff cites Zizzo v. Lakeside Steel & Manufacturing Co., 312 Wis. 2d 463, 752 N.W.2d 889 (Ct. App. 2008), to support his laches argument, but that case bears no

10

similarity to this one.  In <u>Zizzo</u>, the court concluded that Lakeside lost its right to enforce a mortgage because it waited 16 years to bring a foreclosure claim.  Obviously, a delay of a few months in the context of a pending case is not comparable to a failure to bring a lawsuit for 16 years.  Accordingly, I conclude that plaintiff cannot prevail on his laches argument because he cannot show an unreasonable delay.

### 3. <u>Tolling</u>

Under Wis. Stat. Ann. § 893.13(2), "[a] law limiting the time for commencement of an action is tolled by the commencement of the action to enforce the cause of action to which the period of limitation applies. The law limiting the time for commencement of the action is tolled for the period from the commencement of the action until the final disposition of the action."  On its face, this statute would seem to support plaintiff because he filed his first lawsuit more than five months before his statute of limitations expired and he filed the second lawsuit only a few days after the first one was dismissed.  However, Wis. Stat. § 893.23 imposes a potential limitation on § 893.13:  "[w]hen the commencement of an action is stayed by injunction or statutory prohibition the time of the continuance of the injunction or prohibition is not part of the time limited for the commencement of the action."

In <u>Colby v. Columbia County</u>, 202 Wis. 2d 342, 362, 550 N.W.2d 124, 132 (1996), the Wisconsin Supreme Court considered how to construe § 893.13(2) and § 893.23 together.   The plaintiff in that case argued that the statute of limitations had been tolled

11

under § 893.13(2) by a previous lawsuit he filed that was dismissed because he filed it before waiting 120 days to allow the county to respond to the notice of claim, as required by Wis. Stat. § 893.80.  The supreme court reached two conclusions relevant to this case.  First, the 120-day waiting period must be added to a plaintiff's three-year statute of limitations, so that if she files her notice of claim just before the limitations period expires, she may still file a timely lawsuit.  Id. at 357, 550 N.W.2d at130-31.  Second, "§ 893.13 applies only to commenced actions, and under § 893.80, an action cannot be commenced if a claim has not been properly filed."  Id. at 362, 550 N.W.2d at 132.  In other words, "the filing of a summons and complaint, absent prior satisfaction of the notice requirement of § 893.80, is not sufficient to toll the statute of limitations, as the action has not yet been commenced at such point."  Id. at 358, 550 N.W.2d at 131.  More generally, the court stated that "[c]ommencement of an action, where commencement is barred by statute, cannot toll a statute of limitations."  Id. at at 362, 550 N.W.2d at 132.

Under the reasoning of Colby, plaintiff is not entitled to tolling under § 893.13(2). The situation in this case is almost identical.  As in Colby, plaintiff is arguing that his statute of limitations was tolled while a previous lawsuit was pending.  Also as in Colby, plaintiff's first case was dismissed for his failure to comply with a statutory waiting period. Both § 893.80 and § 631.83(4) state that "no action shall be brought" before the waiting period is over.  (Inexplicably, plaintiff argues that § 631.83(4) does not include "mandatory language," but that is obviously wrong.  Wis. Stat. § 631.83(4) states that "[n]o action may be brought against the insurer on an insurance policy to compel payment thereunder until

at least 60 days after proof of loss has been furnished as required by the policy or such proof of loss has been waived, or the insurer has denied full payment, whichever is earlier.".) Accordingly, I conclude that, under Colby, plaintiff's first lawsuit did not toll the limitations period because plaintiff filed the lawsuit before complying with Wis. Stat. § 631.83(4).

Plaintiff raises two arguments in support of a contrary conclusion, but neither of them is persuasive.  First, plaintiff says that Colby is distinguishable because the government was a defendant, but the court did not limit its holding to government defendants.  Again, the court stated without exception that "[c]ommencement of an action, where commencement is barred by statute, cannot toll a statute of limitations."  Colby, 202 Wis. 2d at 362, 550 N.W.2d st 132.

Second, plaintiff says that the waiting period in § 631.83(4) is different because it does not apply when, in a verified complaint, the plaintiff alleges facts "that would establish prejudice to the complainant by reason of such delay, other than the delay itself."  However, plaintiff does not explain why he believes that portion of § 631.83(4) is relevant to the motion before the court now.  The fact is that plaintiff did not allege in his first case (in either of his complaints or at summary judgment) that the waiting period would prejudice him.  Because § 631.83(4) is mandatory *unless* plaintiff alleges that he will be prejudiced, the exception cannot help plaintiff.  Although plaintiff included an allegation of prejudice in his *second* lawsuit, Cpt. ¶ 15, dkt. #1, that was obviously too late.  The time for raising arguments regarding the propriety of the dismissal of plaintiff's first case was in the first case. Plaintiff cannot seek reconsideration in this case of a decision in a previous lawsuit.  If

plaintiff believed the dismissal was incorrect, his remedy was to file an appeal.

Even if I considered plaintiff's new argument, it would not succeed. Plaintiff says now that he would have been prejudiced by waiting 60 days to file his first lawsuit because he believed that his statute of limitations was going to expire in January 2013, which was less than 60 days after he filed his proof of loss with defendant. However, this argument fails for two reasons. First, plaintiff does not develop an argument in support of a reasonable belief that his limitations period was going to expire in January 2013. Second, even if plaintiff's limitations period *was* going to expire then, under Colby, plaintiff would have had an extra 60 days to file his lawsuit. Thus, plaintiff could have waited 60 days without any loss of his right to sue.

For the sake of completeness, I note that neither party argues that the statutory tolling analysis should be different because plaintiff's first action was litigated in federal court. Wisconsin Statute § 893.15(2) states that, "[i]n a non-Wisconsin forum, the time of commencement or final disposition of an action is determined by the local law of the forum." At least one Wisconsin court has interpreted § 893.15(2) to mean that, when a plaintiff's first case is filed in federal court, it is federal law rather than state law that should apply to the tolling analysis. Culbert v. Ciresi, 2003 WI App 158, ¶ 11, 266 Wis. 2d 189, 195, 667 N.W.2d 825, 828. However, I assume that neither party is relying on § 893.15(2) because plaintiff's first case was *filed* in state court and only removed to federal court later. In any event, plaintiff has forfeited that issue by failing to raise it.

Finally, plaintiff cites federal habeas cases for the proposition that he is entitled to

14

equitable tolling if he can show that he has been pursuing his rights diligently and that extraordinary circumstances prevented him from filing a timely appeal. Holland v. Florida, 560 U.S. 631, 632 (2010); Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). Even if I assume that the standard plaintiff cites has any application to a diversity suit, it does not help him. He makes a conclusory allegation that he was unable to file his proof of loss before December 2012 because of his medical condition, but, even if that is true, plaintiff could have met his statute of limitations even if he had waited 60 days, as discussed above. Therefore, plaintiff cannot show that extraordinary circumstances prevented him from filing his lawsuit within the statute of limitations.

ORDER

IT IS ORDERED that the motion for judgment on the pleadings filed by Transguard Insurance Company of America, Inc., dkt. #13, is GRANTED. The clerk of court is directed to enter judgment in favor of defendant and close this case.

Entered this 13th day of October, 2015.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge

15